2006 VT 6

### FOUR OAKS CONSERVATION TRUST, Thomas Laddie Lushin, Trustee v. Gene BIANCO

[892 A.2d 258]

No. 04-357

¶ 1. January 12, 2006. In this appeal, we consider whether the trial court erred in interpreting the terms of a lease agreement between plaintiff Thomas Laddie Lushin, acting as trustee for Four Oaks Conservation Trust, and defendant Gene Bianco. Although defendant breached the parties' lease agreement, plaintiff asserted that defendant remained obligated to use and maintain an easement described in the lease. The trial court rejected plaintiff's claim. On appeal, plaintiff asserts that the court erred in: (1) concluding that the lease agreement was not a divisible contract; (2) making unsupported and unnecessary findings of fact; and (3) ignoring the plain language of the lease. We affirm.

¶ 2. Plaintiff and defendant are neighboring landowners. Defendant has a deeded easement that runs across plaintiff's property and travels very close to plaintiff's home. In 1999, plaintiff agreed to lease a barn and a portion of real property to defendant for farming purposes; defendant agreed to extend and maintain a driveway on plaintiff's property and use this road as the exclusive method of traversing plaintiff's property. The easement identified in the lease is located much farther away from plaintiff's house than defendant's deeded easement. The lease specifically stated:

> As an inducement for [plaintiff] to enter into this Lease on the terms and conditions stated herein, [defendant] agrees to extend at his expense the

driveway servicing the adjoining Nature Conservancy property so that it connects to Braintree Hill Road north of the barn in a manner acceptable to [plaintiff], and to properly maintain such driveway at all times, so that such new portion of the driveway will be, and will be used as, the exclusive means of accessing both the barn and the Nature Conservancy property.

Defendant was not obligated under the agreement to pay rent to plaintiff for leasing the barn or land.

¶ 3. In October 2001, plaintiff filed a quiet title action seeking to terminate the lease, and defendant filed a counterclaim. In October 2002, the court granted plaintiff's request for partial summary judgment, finding that defendant had breached the lease agreement by failing to purchase insurance for the property. The court considered the parties' remaining claims in March 2004. In a written order, the court rejected plaintiff's claim that, despite the termination of the lease, defendant remained obligated to use and maintain the new easement. The court found the terms of the lease agreement unambiguous. It rejected plaintiff's assertion that the lease agreement was a divisible contract, finding no possible way that the agreement could be divided into multiple parts of performance by each party. The court also rejected plaintiff's claim that the use of the phrase "at all times" in the lease agreement reflected the parties' intent that defendant would be obligated to use and maintain the new easement indefinitely. Finally, the court found no merit in plaintiff's assertion that defendant had implicitly agreed to relinquish his deeded easement when he signed the lease. Plaintiff filed a motion for reargument, which the court denied. This appeal followed.

¶ 4. On appeal, plaintiff argues that the court erred in interpreting the terms of the lease agreement. He asserts that the lease is a divisible contract and defendant remains obligated to use and maintain the new easement rather than his deeded easement. Plaintiff also asserts that the court erred in interpreting the plain language of the agreement and made insupportable and unnecessary findings of fact.

¶ 5. We review the trial court's construction of the parties' agreement de novo, *Downtown Barre Dev. v. C & S Wholesale Grocers, Inc.*, 2004 VT 47, ¶ 8, 177 Vt. 70, 857 A.2d 263, and we find no error here. "[T]he cardinal rule in construing contracts is the intent of the parties." *Sullivan v. Lochearn, Inc.*, 143 Vt. 150, 152, 464 A.2d 745, 746 (1983). "[W]hen the language of the contract is clear on its face, we will assume that the intent of the parties is embedded in its terms." *In re Verderber*, 173 Vt. 612, 615, 795 A.2d 1157, 1161 (2002) (mem.). As a general rule, a "contract is considered severable and divisible when by its terms, nature, and purpose, it is susceptible of division and apportionment." *In re Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 81 (2d Cir. 1996) (quotations omitted). "There is a presumption against finding a contract divisible, unless divisibility is expressly stated in the contract itself, or the intent of the parties to treat the contract as divisible is otherwise clearly manifested." 15 R. Lord, Williston on Contracts § 45:4, at 275 (4th ed. 2000) (footnotes omitted).

¶ 6. Plaintiff argues that paragraph five of the lease, the provision that addresses the new easement, is an independent contract. He asserts that the lease agreement was divided into two parts — the "inducement" part and the "occupancy" part. According to plaintiff, his action in signing the lease was induced by defendant's promises to maintain the new driveway, and he agreed to

the lease of the barn and land (the "occupancy" part) "upon numerous terms, conditions and restrictions relating to the usage of the demised premises." This argument is wholly without merit. The plain language of the lease agreement required that, as consideration for the use of plaintiff's barn and land, defendant would use and maintain the new easement to traverse plaintiff's property. When the lease agreement ended, so did defendant's obligation to use the easement described in the lease. The use of the words "at all times" in the context of the agreement in no way suggests that the parties intended that defendant's obligation would survive the termination of the lease. Moreover, we note that defendant possesses, and has never relinquished, his deeded easement across plaintiff's property. That easement is not mentioned in the lease agreement, nor is there any basis for reading its relinquishment into the now-terminated agreement. See *In re Stacey*, 138 Vt. 68, 71, 411 A.2d 1359, 1361 (1980) ("[T]he Court will not read terms into a contract, unless they arise by necessary implication.").

¶ 7. We reject plaintiff's assertion that the court made unsupported and improperly-derived findings of fact regarding the parties' intent. As explained above, the lease agreement was unambiguous and its meaning was plain. The trial court's statement that defendant was obligated to construct a new easement as consideration for using plaintiff's property is a recognition of the plain meaning of the lease agreement; it is not an improperly derived finding of fact as plaintiff asserts. The question of whether defendant's deeded easement provides access to defendant's home is irrelevant to the issues raised on appeal, and any misstatement by the trial court to this effect is harmless. Finally, we find no merit in plaintiff's assertion that it was "misleading" for the trial court to state

that defendant had not relinquished his deeded easement "insofar as it may be taken to be indicative of the intention of the parties." Plaintiff misreads the trial court's opinion. As has been previously stated, in this case, the parties' intent was manifested in the plain language of the lease agreement. We find no error in the court's decision.

*Affirmed.*